Dear Representative Hill:
We received your request for an opinion regarding the authority of the Beauregard Parish Police Jury to maintain a privately owned road within the parish, which is used as a parish school bus route. Your request indicates that this road runs off of a state highway. A Beauregard Parish school bus driver lives on the road and picks up one student who also lives on the road. The parish is considering using public funds to maintain the road.
Because your request questions the use of public funds, it must be addressed in light of Article 7, Section 14 of the Louisiana Constitution, which prohibits the donation of funds, credit, property, or things of value of the state or any of its political subdivisions to or for any person, association, or corporation. The jurisprudence indicates that Article 7, Section 14 (A) is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana MunicipalRisk Agency, 439 So.2d 399 (La. 1983).
The powers of police juries are defined by the legislature and our jurisprudence establishes that police juries have no powers other than those specifically delegated to them. La. R.S. 33:1236 provides as follows:
 The police juries and other parish governing authorities shall have the following powers:
 . . .
 (2)(a) To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of the parish and parish road system;
 (b) To provide for the graveling of school bus turnarounds when requested to do so by the parish school board, without the necessity of the parish school board furnishing materials or contributing funds to the police jury for such purpose if it is determined by the police jury to be in the best interest of the parish and the parish road system. Provided, however, that nothing herein shall prohibit parish school boards from providing gravel or contributing funds to the local governing authority for the graveling of school bus turnarounds; and in addition, . . .
Although La. R.S. 33:1236(2)(a) authorizes police juries to repair roads when such repair furthers the best interest of the parish road system, our office has consistently opined that police juries may not use parish funds or equipment to repair or improve private roads or driveways. See Attorney General Opinion 00-149 and the opinions cited therein. As noted in these prior opinions, the authority granted to police juries in La. R.S. 33:1236(2)(a) must be considered in light of Article 7, Section 14(A) of the Louisiana Constitution. The inquiry then becomes a balancing test of public and private benefit. That is, if the repair and/or maintenance of the private road primarily benefits the individual property owners and the benefits to the public are merely incidental, the expenditure constitutes a donation of public funds, which is expressly prohibited by the Louisiana Constitution.
La. R.S. 48:491 provides that all roads and streets in this state which are maintained by a parish governing authority for a period of three years are deemed public roads or streets if there is actual or constructive knowledge of such maintenance by the adjoining landowners. Actual or constructive knowledge is presumed if the governing authority notifies the adjoining landowners, by registered or certified mail, return receipt requested, prior to or during the work. Again, the police jury will have to balance the public versus private benefit as discussed above. Also, the landowners may discontinue the maintenance by the police jury prior to the three-year period outlined in the statute. If so, the road remains privately owned. We recommend that the police jury discuss and weigh its options.
In this instance, it appears that the individuals who own this road would be the primary beneficiaries of any repair and/or maintenance performed by the police jury to the road. As such, it is our opinion that the Beauregard Parish Police Jury may not use public funds to maintain or repair it. However, please note that the police jury may consider La. R.S. 48:491. The police jury is authorized to provide for the graveling of a school bus turnaround as provided in Louisiana Revised Statute33:1236(2)(b).
We trust that this adequately responds to your request. If you should have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ TINA VICARI GRANT ASSISTANT ATTORNEY GENERAL
RPI/TVG/crt